*In re* DEEREN

Docket No. 93946. Submitted February 5, 1987, at Grand Rapids. Decided March 16, 1987.

The Department of Social Services filed a petition in the St. Joseph County Probate Court, seeking to terminate the parental rights of respondent, Dawn Deeren, regarding her child, April Dawn Deeren, on the basis of neglect. The child had alleged that respondent's live-in boyfriend had sexually abused her. The court, John E. Morley, J., entered an order terminating respondent's parental rights, from which respondent appealed.

The Court of Appeals *held:*

1. The probate court did not err when it terminated respondent's parental rights.

2. Child sexual abuse cases such as this one may create exceptional circumstances allowing the use of deposition rather than live testimony as provided by court rule. The probate court did not abuse its discretion in admitting the videotaped testimony of the child into evidence.

3. Respondent's due process rights were not violated when the probate court excluded her from being physically present at the videotaping of the child's deposition. Respondent was given the opportunity to view the deposition as it was being taken and was given the opportunity to consult with her attorney in order to provide him with questions for cross-examination.

Affirmed.

1. APPEAL — EVIDENCE — DEPOSITIONS — COURT RULES.

A trial court's determination that a deposition is admissible

REFERENCES

Am Jur 2d, Appeal and Error §§ 772 *et seq.*

Am Jur 2d, Constitutional Law §§ 847-850.

Am Jur 2d, Evidence §§ 249 *et seq.*

Use of videotape to take deposition for presentation at civil trial in state court. 66 ALR3d 637.

Sexual abuse of child by parent as ground for termination of parent's right to child. 58 ALR3d 1074.

See also the annotations in the Index to Annotations under Appeal and Error.

should not be overturned absent an abuse of discretion (MCR 2.308[A][2][c][vi]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — VIDEOTAPED DEPOSITION — COURT RULES.

The admission of a videotaped deposition instead of the live testimony of a child who had alleged sexual abuse in proceedings for the termination of parental rights on the basis of neglect was not an abuse of the probate court's discretion (MCR 2.308[A][1][c][vi]).

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — VIDEOTAPED DEPOSITION — CONSTITUTIONAL LAW.

The due process rights of an individual who was a respondent in a probate court petition for the termination of her parental rights on the basis of neglect of a child who had alleged sexual abuse were not violated where the individual was physically barred when the child's videotaped deposition was taken but was allowed to view the deposition as it was being taken and allowed to consult with her attorney regarding potential questions for cross-examination (US Const, Am XIV).

*Robert Cares,* Prosecuting Attorney, for petitioner.

*David C. Tomlinson,* for Dawn Deeren.

*Thomas E. Shumaker,* guardian ad litem, for April Dawn Deeren.

Before: D. F. WALSH, P.J., and J. H. GILLIS and K. B. GLASER,* JJ.

PER CURIAM. Respondent Dawn Deeren appeals as of right from the probate court's order terminating her parental rights regarding April Dawn Deeren. We affirm.

Respondent first claims that the trial court clearly erred when it terminated her parental rights under MCL 712A.19a(e); MSA 27.3178(598.19a)(e). Respondent claims that the

* Circuit judge, sitting on the Court of Appeals by assignment.

court terminated her parental rights too quickly and did not consider respondent's changed circumstances. Having reviewed the entire record in this case, we cannot say that the probate court clearly erred when it terminated respondent's parental rights.[1] *In re Cornet,* 422 Mich 274; 373 NW2d 536 (1985). See also *In the Matter of Frasier,* 147 Mich App 492; 382 NW2d 806 (1985); *In the Matter of Rinesmith,* 144 Mich App 475, 483-484; 376 NW2d 139 (1985), lv den 424 Mich 855 (1985).

Respondent next claims that the probate court abused its discretion when it allowed April Dawn Deeren's videotaped deposition testimony to be used at the adjudicative phase of the proceedings. Assuming this issue is preserved for appeal,[2] MCR 2.308(A)(1)(c)(vi) provides:

> (c) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> \* \* \*
>
> (vi) on motion and notice, that such exceptional circumstances exist as to make it desirable, in the interests of justice, and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

A court's determination that a deposition is admissible should not be overturned absent an abuse of

---

[1] Respondent also claims the probate court clearly erred when it terminated her parental rights under MCL 712A.19a(a); MSA 27.3178(598.19a)(a). Respondent agrees that this provision was more properly directed at April's father. Even if the probate court erred when it applied this provision to respondent, this error was harmless. See *In the Matter of Bailey,* 125 Mich App 522, 529; 336 NW2d 499 (1983).

[2] See and compare *In re Ferris,* 151 Mich App 736; 391 NW2d 468 (1986), lv den 426 Mich 856 (1986); *In the Matter of Dupras,* 140 Mich App 171; 363 NW2d 26 (1984); *In the Matter of Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981).

discretion. *Valley National Bank of Arizona v Kline,* 108 Mich App 133, 140-141; 310 NW2d 301 (1981).

In this case, April Dawn Deeren alleged that she was sexually abused by Roger Burress, respondent's boyfriend. After learning of these allegations, respondent continued to live with Burress and allowed April to remain in the same home. After Burress fled to Ohio to avoid prosecution, respondent took April to Ohio and moved in with Burress and his mother. Respondent told April that April would be taken away from her if April told the truth about what had happened with Roger. April wanted to remain with her mother and, after returning to Michigan, she would not state what had occurred with Roger, although she would not deny that something had happened. We note that child sexual abuse cases such as this one may create exceptional circumstances allowing the use of a deposition rather than live testimony. The probate court did not abuse its discretion when it concluded that this was such a case. MCR 2.308(A)(1)(c)(vi). *Valley National Bank of Arizona, supra.*

Finally, respondent claims that she was denied her rights to due process when she was not allowed to attend April's deposition in person.[3] US Const, Am XIV. Given the facts discussed above, the probate court ordered that respondent not be allowed to attend April's deposition in person. Instead, respondent was given the opportunity to view the deposition as it was being taken and was given the opportunity to consult with her attorney in order to provide him with questions for cross-

[3] Although respondent claims her rights under the Fifth Amendment were denied, her argument is more properly made under the Fourteenth Amendment.

examination. Respondent agrees that the right to confrontation applies to criminal cases,[4] but seeks to extend this right to the instant case through the due process clause. Even if we were to accept respondent's argument, this panel recently held that the procedure employed in this case did not deprive a criminal defendant of his right to confrontation. *People v Kasben,* 158 Mich App 252; — NW2d — (1987). Consistent with *Kasben, supra,* we conclude that respondent was not deprived of her due process rights when the probate court excluded her from being physically present at April's deposition. The procedures employed were sufficient to protect respondent's rights.

Affirmed.

[4] See US Const, Am VI; Const 1963, art 1, § 20.