PETTO v THE RAYMOND CORPORATION

Docket No. 97795. Submitted December 9, 1987, at Grand Rapids. Decided June 9, 1988.

Steven Petto brought a products liability action alleging a design defect against The Raymond Corporation in the Allegan Circuit Court. Defendant deposed plaintiff's expert for discovery purposes only. At the deposition plaintiff's attorney inquired into the expert's qualifications and defendant objected, since the deposition was for discovery only. At trial, plaintiff requested that the deposition be admitted in lieu of the expert's personal appearance. The court, George R. Corsiglia, J., denied the request and, at the close of plaintiff's proofs, granted a directed verdict for defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. The burden of establishing the admissibility of a deposition rests on the party seeking admission and a court's determination on the issue will not be overturned absent an abuse of discretion. The court rules make provisions for a party to produce depositions for admissibility at trial, but plaintiff did not use the procedure. Under the circumstances, the court did not abuse its discretion.

2. The court properly granted a directed verdict as plaintiff offered no evidence as to the magnitude of the risks involved in defendant's design, the frequency or foreseeability of the accidents such as plaintiff's or the suitability of alternative designs. Plaintiff's proofs showed only how the injury occurred and the course of treatment.

Affirmed.

1. EVIDENCE — DEPOSITIONS — APPEAL — BURDEN OF PROOF.

The burden of establishing the admissibility of a deposition rests on the party seeking admission and a court's determination on the issue will not be overturned absent an abuse of discretion.

REFERENCES
Am Jur 2d, Depositions and Discovery §§ 174 *et seq.*
Am Jur 2d, Trial §§ 463 *et seq.*
Comment Note.—Power of court sitting as trier of fact to dismiss at close of plaintiff's evidence, notwithstanding plaintiff has made out prima facie case. 55 ALR3d 272.

2. MOTIONS AND ORDERS — DIRECTED VERDICT — APPEAL.

    A motion for a directed verdict tests whether or not the plaintiff has made a prima facie case and, in reviewing a trial court's decision on a motion for directed verdict, the Court of Appeals will consider the plaintiff's proofs and any reasonable inferences therefrom in the light most favorable to the plaintiff.

3. TRIAL — DIRECTED VERDICT — EVIDENCE.

    A motion for a directed verdict must be denied where the trial court, viewing the evidence and all legitimate inferences which may be drawn therefrom in the light most favorable to the nonmoving party, finds that the evidence establishes a prima facie case.

*Dilley, Dewey & Damon, P.C.* (by *Thomas A. Geelhoed*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *R. Curtis Mabbitt*), for defendant.

Before: MAHER, P.J., and GRIBBS and L. F. SIMMONS,* JJ.

PER CURIAM. Plaintiff appeals as of right from the Allegan Circuit Court's judgment of directed verdict in favor of defendant.

This is a products liability action. Plaintiff tore a ligament in his left knee while operating an electric hi-lo manufactured by defendant. Plaintiff testified that he sustained his injury when the hi-lo's brake failed to function properly while he was on an incline. Petto tried to stop the hi-lo by turning it into a wall. Petto stuck his leg out just before the machine hit the wall, causing it to be pinned between the hi-lo and the cement wall, resulting in his injury and pain.

Plaintiff's products liability action against defendant centered on his claim that the hi-lo had a design defect which resulted in an inadequate

---

* Circuit judge, sitting on the Court of Appeals by assignment.

braking system. Plaintiff retained David MacCollum to testify regarding the reasonableness of the product's design. Defendant scheduled MacCollum's deposition with the understanding that it was to be taken for discovery purposes only.

During the deposition, after defendant's counsel questioned MacCollum regarding his opinions and theories, plaintiff's attorney inquired into MacCollum's qualifications and background. Because this line of questioning would only be necessary if the transcript were later read at trial, defendant's counsel immediately objected to the direct examination of MacCollum for the purpose of using his deposition at trial. It was his understanding that the deposition was being taken for discovery purposes and he did not come to the deposition prepared to cross-examine the witness for use at trial. Plaintiff's counsel conceded that the deposition had been noticed as a discovery deposition but apparently he claimed that discovery only depositions had to be obtained by court order.

Trial was held some months later, but it was not until after trial had started that plaintiff stated that MacCollum was not going to appear at trial and requested that MacCollum's deposition be read to the jury. Defendant objected to the reading of the deposition and the trial court sustained the objection. Then, after the completion of plaintiff's proofs, defendant moved for a directed verdict which the trial court granted.

On appeal, plaintiff essentially raises two separate, but related, claims. First, that the trial court abused its discretion in excluding MacCollum's deposition from trial. Second, that the trial court erred in granting defendant's motion for directed verdict.

A trial court's determination concerning the admissibility of a deposition will not be overturned

absent an abuse of discretion. *In re Deeren,* 158 Mich App 539, 541-542; 405 NW2d 189 (1987). The burden of establishing admissibility rests on the party seeking admission of the deposition. *Valley National Bank of Arizona v Kline,* 108 Mich App 133, 141; 310 NW2d 301 (1981).

Plaintiff argues that the deposition was admissible pursuant to MCR 2.308(A)(1)(c)(i) and (iii), which provide:

> (1) At the trial, or the hearing on a motion, or a preliminary proceeding, a part or all of a deposition so far as admissible under the rules of evidence may be used against a party who was present or represented at the taking of the deposition or had reasonable notice of it, in accordance with any of the following provisions:
>
>            *   *   *
>
> (c) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> (i) that the deponent is an expert witness;
>
>            *   *   *
>
> (iii) that the witness is at a greater distance than 50 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition.

The initial problem with plaintiff's position is that plaintiff did not establish nor did the trial court find MacCollum to be an expert.

A more fundamental basis, however, exists upon which to uphold the trial court's exclusion of MacCollum's deposition. MacCollum's deposition was set up by defendant and, as the trial court noted, it was clearly noticed that it was being taken for discovery only. Defendant asserted that it had conducted extensive preparations to cross-

examine MacCollum at trial based on what it learned from him in the discovery deposition. Defendant would obviously have been deprived of this cross-examination had MacCollum's deposition been admitted at trial.

Plaintiff argues that because defendant failed to either file a formal notice with the court stating that MacCollum's deposition was for "discovery purposes only" or to obtain either a written stipulation or protective order to that effect, pursuant to either MCR 2.302(C) or MCR 2.302(F), the deposition could be admitted into evidence at trial although MacCollum was absent from the trial. We do not read these requirements into the rules.

It was clear and understood by both parties that MacCollum's deposition had been noticed for the purpose of discovery. MCL 2.302(B)(4) clearly contemplated the taking of depositions of opponents' experts for purposes of discovery to prepare for trial. At the time of MacCollum's deposition and up until the time of trial, defendant was led to believe that MacCollum would testify at trial where defendant would then have the opportunity to cross-examine him regarding his opinions and other matters.

We agree with the trial court that had plaintiff wished to present MacCollum's deposition at trial he should have noticed it for use at trial. MCR 2.302(B)(4)(d) allows a party to take a deposition of its own expert for use at trial as provided in MCR 2.308(A)(1). Instead, it was defendant who set up the deposition and for discovery purposes only. We believe that a request for a protective order under MCR 2.302(C) would only have been required had plaintiff noticed MacCollum's deposition to be used at trial and defendant wanted the deposition to be used only for the purpose of discovery.

Under the circumstances of this case, we find no

abuse of discretion in the trial court's denial of plaintiff's mid-trial request to use MacCollum's discovery deposition.

Nor do we believe the trial court erred in granting defendant's motion for directed verdict. Plaintiff argues that the trial court improperly granted defendant's motion for directed verdict because plaintiff submitted sufficient evidence of a design defect to establish a prima facie case to submit to the jury. We disagree.

This Court, in *Bouwman v Chrysler Corp,* 114 Mich App 670, 677; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983), set forth the standard we apply on review of a motion for directed verdict:

> It is well established that a motion for directed verdict tests whether or not the plaintiff has made a prima facie case. In reviewing the trial court's decision on a motion for directed verdict, this Court will consider the plaintiff's proofs and any reasonable inferences therefrom in the light most favorable to the plaintiff. If the evidence establishes a prima facie case, the motion must be denied. A motion for directed verdict should be denied where the facts, viewed in a light most favorable to the nonmoving party, are such that reasonable minds could honestly reach different conclusions. [Citations omitted.]

See also *Hartford Fire Ins Co v Walter Kidde & Co, Inc,* 120 Mich App 283, 290; 328 NW2d 29 (1982).

Both parties cite *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982), as the controlling case in determining whether a prima facie case of design defect had been presented to allow the case to go to the jury. We agree as to the applicability of *Owens.* In *Owens,* the plaintiff alleged that the absence of seat belts on forklifts

constituted a design defect. In affirming the trial court's grant of defendant's motion for directed verdict, the Court stated:

> Our conclusion that the plaintiff did not present a prima facie case is based on the lack of evidence concerning both the magnitude of the risks involved and the reasonableness of the proposed alternative design. . . .
>
> \* \* \*
>
> Viewing the evidence in a light most favorable to the plaintiff, we cannot conclude that plaintiff established a prima facie case for either negligence or a defective product. Even if this Court could take judicial notice that the costs involved in attaching a seat belt or other designated restraint to a forklift would not be great, we cannot take judicial notice that their use by forklift drivers would be likely, practical, or more safe. Neither the costs nor the effects of the other restraints were established.
>
> \* \* \*
>
> In the entirety of plaintiff's proofs, there is no data or other factual evidence concerning the magnitude of the risks involved, the utility or relative safety of the proposed alternatives, or evidence otherwise concerning the "unreasonableness" of risks arising from failure to install driver restraints on the subject forklift model as standard equipment.
>
> \* \* \*
>
> Therefore, we find that the trial court did not err. The plaintiff's evidence did not raise an issue of fact concerning any unreasonable risk at the time of the design or manufacture of the vehicle. [*Id.,* pp 429, 431, 432.]

Plaintiff argues that his testimony and some photographs of the hi-lo were sufficient to present a prima facie case of whether the machine was reasonably designed to prevent foreseeable inju-

ries. However, nowhere in plaintiff's own testimony (nor in the testimony of the other witnesses) did any evidence establish the magnitude of the risks involved with defendant's hi-lo design. The frequency or foreseeability of accidents such as plaintiff's and the suitability of alternative designs were also never mentioned. Rather, plaintiff's testimony merely informed the court of how the accident occurred and then related plaintiff's subsequent course of medical treatment. This was clearly insufficient.

While MacCollum might have been able to offer testimony in support of plaintiff's design defect claim, plaintiff did not call him at trial and his discovery deposition was properly excluded. Plaintiff having failed to present a prima facie case of design defect, the trial court correctly granted defendant's motion for directed verdict.

Affirmed.