WESTPHAL v AMERICAN HONDA MOTOR COMPANY,
INCORPORATED

Docket No. 109506. Submitted April 17, 1990, at Lansing. Decided
July 18, 1990.

Charles T. Westphal brought a products liability action in the
Saginaw Circuit Court against American Honda Motor Com-
pany, Incorporated, Honda Motor Company, Limited, and Dixie
Cycle Sales, doing business as West Bay Honda, seeking dam-
ages for injuries sustained in an all-terrain vehicle accident.
The trial court, Fred J. Borchard, J., entered a judgment
following a jury verdict for the defendants. Plaintiff appealed
and the defendants cross appealed.

The Court of Appeals *held:*

1. The trial court properly admitted certain videotapes into
evidence.

2. Plaintiff did not preserve for appeal issues regarding a
question asked of a witness with respect to an alleged prior
inconsistent statement made by the witness.

3. The trial court did not err in allowing a police officer to
testify regarding another prior inconsistent statement made by
the same witness. The officer's testimony concerning the prior
inconsistent statement was not hearsay.

4. The trial court properly excluded the plaintiff from read-
ing into evidence excerpts from the deposition testimony of a
witness who had not been qualified as an expert.

5. The trial court properly allowed defense counsel to argue
in closing argument that the defendants operated under the
same standard of care as the plaintiff.

Affirmed.

EVIDENCE — EXTRINSIC EVIDENCE — WITNESSES — PRIOR INCONSIS-
TENT STATEMENTS.

The rule providing that extrinsic evidence of a prior inconsistent
statement of a witness is not admissible unless the witness is

REFERENCES

Am Jur 2d, Witnesses §§ 596, 597.
See the Index to Annotations under Hearsay; Impeachment of
Witnesses; Prior Testimony or Statement.

afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness contains no particular sequence or timing requirements regarding such events; if the witness is or might be available for recall and the opposing party simply fails to recall, there has been a sufficient opportunity to explain, to permit the extrinsic evidence to be admitted (MRE 613[b]).

*Van Benschoten, Hurlburt & Tsiros, P.C.* (by *Harvey E. Van Benschoten* and *Lawrence A. Hurlburt*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana, Dennis M. Day* and *Richard A. Dinon*), for the defendants.

Before: WEAVER, P.J., and GILLIS and CAVANAGH, JJ.

PER CURIAM. Plaintiff sued defendants following an all-terrain vehicle accident which left him a quadriplegic. After trial, the jury returned a verdict in favor of defendants, finding them not negligent and further finding that defendants American Honda Motor Company, Incorporated, and Dixie Cycle Sales, doing business as West Bay Honda, had not breached any implied warranties. Plaintiff appeals as of right and defendants cross appeal. We affirm the jury's verdict and, therefore, do not reach the issues raised in defendants' cross appeal.

Plaintiff first claims that the trial court abused its discretion when it admitted two videotapes because defendants did not show that the foundational requirements were met. The videotapes were not offered to recreate the accident and, therefore, we believe that the trial court did not abuse its discretion in admitting them. *Kirk v Ford Motor Co,* 147 Mich App 337, 343-344; 383 NW2d 193 (1985), lv den 426 Mich 866 (1986); *Gorlick v Dep't of State Highways,* 127 Mich App

324, 336-337; 339 NW2d 635 (1983); *Green v General Motors Corp,* 104 Mich App 447; 304 NW2d 600 (1981).

Plaintiff next claims that the trial court erred when it failed to strike a question and answer concerning an alleged prior inconsistent statement a witness made to his brother. The witness was asked if he made a particular prior inconsistent statement to his brother. The witness denied making the statement. Plaintiff did not object to the question at that time, but, on the following day, he claimed that the statement was hearsay on hearsay and wanted defendants' attorney to disclose the basis for the question. Defendants' attorney offered to reveal that information in camera. The trial court found the question proper.

We begin by noting that plaintiff never asked the trial court to strike the question and answer. Moreover, plaintiff did not object to the question when it was asked and, therefore, the issue is not preserved for appeal. MRE 103(a)(1). On appeal, plaintiff also claims that the question concerning the prior statement was improper because the witness was not told when and where the statement was made. MRE 613(a). This issue is raised for the first time on appeal and, therefore, is not preserved for appeal. In any event, the witness denied making the statement, the witness' testimony was not impeached by showing the existence of a prior inconsistent statement, and the jury was instructed that the answers of witnesses, not the questions put to them, were evidence. Hence, we cannot say that plaintiff was prejudiced merely because the question was asked.

Plaintiff also claims that the trial court erred when it allowed a police officer to testify concerning another prior inconsistent statement made by the same witness. Plaintiff argues that the testi-

mony was improperly admitted because MRE 613(b) requires that a witness be confronted with the prior inconsistent statement before extrinsic evidence of it is offered. We disagree. MRE 613(b) merely requires that a witness be afforded an opportunity to explain or deny the statement and that the opposing party be offered an opportunity to interrogate the witness on it. The rule contains no particular sequence or timing so long as the witness has the opportunity to explain the statement. *Wammock v Celotex Corp,* 793 F2d 1518, 1521-1522 (CA 11, 1986); *Wilmington Trust Co v The Manufacturers Life Ins Co,* 749 F2d 694, 699 (CA 11, 1985). If the witness is or might be available for recall and the opposing party simply fails to recall him, there has been a sufficient opportunity to explain such that the extrinsic evidence should be admitted under MRE 613(b). *Wammock, supra,* pp 1522-1523. Thus, the police officer could testify about the prior inconsistent statement prior to the witness' being given an opportunity to explain or deny it because the witness was a local resident available for plaintiff to recall. *Wilmington Trust Co, supra,* p 699. Moreover, assuming that this issue is preserved for appeal, the officer's testimony concerning the prior inconsistent statement was not hearsay. MRE 801(c). *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973).

Plaintiff next contends that the trial court erred when it refused to permit him to read excerpts from the deposition testimony of Edmund Cababa pursuant to former MCR 2.308(A)(1)(c)(i). During trial, plaintiff wanted to introduce some of Cababa's deposition testimony. Defendants sought to introduce other portions of the deposition pursuant to MRE 106. Plaintiff objected to some of the material defendants wanted introduced on the basis that Cababa was not a qualified expert in

accident reconstruction. The trial court subsequently determined that Cababa had not been qualified as an expert. Given the information contained in the deposition transcript as well as plaintiff's own objections, we hold that the trial court did not abuse its discretion when it found that Cababa had not been qualified as an expert. *Mulholland v DEC Int'l Corp,* 432 Mich 395, 402; 443 NW2d 340 (1989). Hence, the trial court properly excluded the deposition testimony. *Petto v The Raymond Corp,* 171 Mich App 688; 431 NW2d 44 (1988). We also reject plaintiff's argument that he could unilaterally waive the expert requirement in the rule. In any event, Cababa was later called and qualified as an expert when defendants presented their case and, reviewing Cababa's testimony, we fail to see how plaintiff was prejudiced by exclusion of the deposition testimony. Compare *Mendyk v Michigan Employment Security Comm,* 94 Mich App 425, 435-436; 288 NW2d 643 (1979).

Finally, plaintiff claims that the trial court erred in permitting defense counsel to argue in closing argument that defendants operated under the same standard of care as plaintiff. When plaintiff objected, the court noted that it would instruct the jury. We hold that defense counsel's argument was proper and, in any event, the trial court's instructions would have cured any error. *Reetz v Kinsman Marine Transit Co,* 416 Mich 97; 330 NW2d 638 (1982).

In light of our decision, we need not address the issues raised in defendants' cross appeal.

Affirmed.