PEOPLE v PARKER

Docket No. 199568. Submitted February 10, 1998, at Grand Rapids.
Decided July 14, 1998, at 9:00 A.M. Leave to appeal sought.

Wade S. Parker was convicted by a jury in the Berrien Circuit Court,
Casper O. Grathwohl, J., of second-degree murder, possession of a
firearm by a person convicted of a felony (felon in possession), and
possession of a firearm during the commission of a felony (felony-
firearm). He was sentenced to consecutive sentences of thirty to
ninety years' imprisonment for the murder conviction and two
years for the felony-firearm conviction. The record does not indi-
cate a sentence for the felon in possession conviction. The defend-
ant appealed.

The Court of Appeals *held*:

1. The court did not abuse its discretion in repeating, at the jury's
request, the instructions regarding first- and second-degree murder
but not repeating the instructions regarding manslaughter and self-
defense that were not covered in the jury's specific request.

2. The trial court was mistaken to the extent that it ruled that a
proffered witness could not testify about an alleged prior inconsis-
tent statement made by another witness, who had already testified
and was cross-examined, on the basis of the assumption that the
testimony of the proffered witness was not admissible until and
unless the other witness was given the opportunity to explain or
deny the alleged prior statement. However, the court's ultimate
exclusion of the proffered testimony was not an abuse of discre-
tion. MRE 613(b) provides that a witness need only be provided
with the opportunity to address the alleged inconsistency at some
point during the trial. The rule does not provide that the court must
admit extrinsic evidence of a prior inconsistent statement before
the statement is presented to the witness. Here, where the defend-
ant knew about the prior inconsistent statement before the witness
testified but did not ask the witness about it and the witness could
not thereafter be found to have him offer further testimony, the
court did not abuse its discretion in ruling that the proffered testi-
mony would not be allowed.

3. The defendant was properly convicted of possession of a fire-
arm by a person convicted of a felony. The defendant's conviction

of attempted possession of a controlled substance less than five years before the present offense qualifies as a "specified felony" under MCL 750.224f; MSA 28.421(6) and made the defendant subject to the statute's five-year prohibition regarding possessing a firearm.

4. The defendant waived his right to proceed to trial within ninety days of the order denying his pretrial release by agreeing that the trial would commence on a date more than ninety days after the order.

5. Although the prosecution failed to present at the preliminary examination any evidence regarding the defendant's prior conviction to support the charge of felon in possession, the error was harmless because sufficient evidence was adduced at trial to convict the defendant.

6. The defendant's Fourteenth Amendment due process rights and Sixth Amendment right to confront witnesses were not violated when the defendant and his counsel were not allowed to be present during a hearing concerning the prosecution's petition to hold two individuals as material witnesses where the subject matter of the hearing was the witnesses' fear of testifying against the defendant and no other matters were discussed and no substantive evidence was taken from the witnesses.

7. The convictions and sentences must be affirmed and the matter must be remanded for imposition of a sentence for the felon in possession conviction.

Affirmed and remanded.

1. CRIMINAL LAW — JURY INSTRUCTIONS.

A trial court does not abuse its discretion in failing to repeat jury instructions addressing areas not covered by the jury's specific request for the repeat of other instructions.

2. TRIAL — WITNESSES — PRIOR INCONSISTENT STATEMENTS.

A trial court maintains control of the order in which parties will adduce proof; the traditional approach whereby a prior inconsistent statement made by a witness could not be offered until and unless the witness was presented with the inconsistent statement was modified by MRE 613(b), which provides that the witness need only be provided with the opportunity to address the alleged inconsistency at some point during the trial; the rule does not indicate that a court must admit extrinsic evidence of a prior inconsistent statement before the statement is presented to the witness; a proponent of the testimony who fails to follow the traditional approach runs the risk that the court will properly exercise its discretion not to allow the admission of the prior statement.

3. CRIMINAL LAW — POSSESSION OF FIREARM BY PERSON CONVICTED OF A FELONY — WORDS AND PHRASES — FELONY — SPECIFIED FELONY.

MCL 750.224f; MSA 28.421(6) establishes two separate periods during which it is unlawful for a convicted felon to carry a firearm; a three-year period applies to individuals convicted of a "felony," as defined in the statute; a five-year period applies to individuals convicted of a "specified felony," as defined in the statute; the two categories overlap and a "specified felony" is merely a particularized subcategory of the category "felony"; the definition of "felony" also applies to the definition of "specified felony" although additional requirements must be met in order for a felony to also be a specified felony; the attempted unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance is a "specified felony" for which the five-year prohibition applies.

4. CRIMINAL LAW — TRIAL — PRETRIAL RELEASE — DENIAL — SPEEDY TRIAL — WAIVER.

A defendant who is denied pretrial release and agrees to a trial date that is more than ninety days later waives the right to proceed to trial within ninety days (MCR 6.106[B]).

5. CRIMINAL LAW — CONSTITUTIONAL LAW — DUE PROCESS — RIGHT TO CONFRONT WITNESSES.

A defendant has a right to be present during any stage of a trial where the defendant's substantial rights might be adversely affected; a defendant's due process rights are not violated where the defendant and defense counsel are excluded from a hearing concerning the prosecution's petition to hold individuals as material witnesses where the only matter discussed is the witnesses' fear of testifying against the defendant and no substantive evidence is taken from the witnesses; because a defendant's Sixth Amendment right to cross-examine witnesses applies only when witnesses provide evidence of substance that bears on the outcome of the trial, that right also is not violated by the exclusion of the defendant and defense counsel from the hearing (US Const, Ams VI, XIV).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Angela Pasula*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Lyle N. Marshall*) and Wade S. Parker, in propria persona.

Before: Griffin, P.J., and Holbrook, Jr., and Neff, JJ.

Per Curiam. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, possession of a firearm by a person convicted of a felony (hereinafter felon in possession), MCL 750.224f; MSA 28.241(6), and possession of a firearm during the commission of a felony (hereinafter felony-firearm), MCL 750.227b; MSA 28.424(2). Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, felon in possession, and felony-firearm. He was sentenced to consecutive terms of thirty to ninety years' imprisonment for the second-degree murder conviction and two years' imprisonment for the felony-firearm conviction. There is no indication in the record that defendant was sentenced for his felon in possession conviction. Defendant appeals as of right. We affirm, but remand for the imposition of a sentence for defendant's felon in possession conviction.

Defendant was charged in connection with the shooting death of Michael Hadley. In the early evening hours of May 15, 1995, defendant and Hadley got into a heated argument in the front yard of a home located in Benton Harbor. Defendant ultimately left the scene and walked across the street. Sometime later, defendant approached Hadley from behind as the decedent stood talking to his cousin. From close range, defendant fired four bullets into Hadley's head. Hadley died at the scene. The prosecution argued at trial that the killing was premeditated and unprovoked, whereas defendant argued that he shot Hadley in self-defense after Hadley had threatened defendant with a handgun Hadley had taken from his waistband.

Defendant first contends that the trial court erred in repeating for the jury its instructions regarding first- and second-degree murder, but failing to repeat the court's instructions regarding manslaughter and self-defense. We disagree. While the jury specifically requested supplemental instructions regarding first- and second-degree murder, no similar request was made with regard to the manslaughter and self-defense instructions. It is not an abuse of discretion for a trial court to fail to repeat instructions addressing areas not covered by a jury's specific request. *People v Bonham*, 182 Mich App 130, 134-135; 451 NW2d 530 (1989); *People v Darwall*, 82 Mich App 652, 663; 267 NW2d 472 (1978).

Defendant next claims that the trial court erred in not allowing David Jose to testify about an alleged prior inconsistent statement made by Nathan Magee, a witness to the shooting, who was called to testify on behalf of the prosecution. Magee testified that after defendant shot Hadley, defendant removed a nine-millimeter handgun from underneath Hadley's shirt. During cross-examination, Magee acknowledged that on the day after the shooting the police found a black ten-millimeter handgun underneath a mattress in Magee's home. However, he denied knowing either how the gun got there or who it belonged to. Magee also denied knowing Jose. We note that although defense counsel asked Magee on cross-examination if he knew Jose, counsel never directly questioned Magee about the alleged prior statement.

When the issue of Jose's testimony was raised after Magee had been cross-examined, defense counsel represented to the court that Jose would testify that Magee had told him, while the two were in the Ber-

rien County Jail, that Hadley possessed a ten-millimeter handgun and that the gun that was found at Magee's home the day after the shooting was Hadley's gun. The trial court indicated that defendant would not be allowed to call Jose until he had first asked Magee about the alleged statement. After attempts to locate Magee to have him reappear at the trial proved unsuccessful, the trial court ruled that Jose could not be called because defendant had failed to satisfy the foundational requirements for the introduction of Jose's testimony. To the extent that the trial court's ruling was based on the assumption that Jose's testimony was not admissible until and unless Magee was first given the opportunity to explain or deny the alleged prior statement, we conclude that the trial court was mistaken. Nevertheless, the ultimate exclusion of Jose's testimony does not evidence an abuse of discretion.

The trial court maintains control of " 'the order in which parties will adduce proof.' " *People v Figgures*, 451 Mich 390, 398; 547 NW2d 673 (1996), quoting *Geders v United States*, 425 US 80, 86; 96 S Ct 1330; 47 L Ed 2d 592 (1976). Traditionally, extrinsic evidence of a prior inconsistent statement made by a witness could not be offered until and unless the witness was presented with the inconsistent statement. The traditional approach was modified somewhat by MRE 613(b),[1] which provides that the witness need

---

[1] MRE 613(b) reads, in pertinent part:

Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require.

only be provided with the opportunity to address the alleged inconsistency at some point during the trial. "The rule contains no particular sequence or timing so long as the witness has the opportunity to explain the statement." *Westphal v American Honda Motor Co, Inc*, 186 Mich App 68, 71; 463 NW2d 127 (1990).

However, while under MRE 613(b) it is no longer necessary to follow the traditional foundational requirements, there is nothing in the language of the subrule that indicates that a trial court *must* admit extrinsic evidence of a prior inconsistent statement before the statement is presented to the witness. In fact, although MRE 613(b) allows for more flexibility, the traditional method of presenting the alleged inconsistent statement to the witness on cross-examination is still preferred. See *Wammock v Celotex Corp*, 793 F2d 1518, 1522 (CA 11, 1986) (observing that FRE 613(b), which is identical to MRE 613(b), "does not supplant the traditional method of confronting a witness with his inconsistent statement prior to its introduction into evidence as the *preferred* method of proceeding"). In circumstances like those present here, where the prior statement was not "given under oath subject to the penalty of perjury," MRE 801(d)(1)(A), the traditional method helps to assure that the prior statement will not be incorrectly interpreted by a jury as substantive evidence.[2]

The record makes clear that defendant knew about the prior inconsistent statement before Magee was called to testify. Even though Magee did not have to

---

[2] If the proponent of the extrinsic evidence does not confront the witness on cross-examination with the prior statement, we believe the best course of action would be for the proponent to excuse the witness subject to recall. This procedure was not followed in the case at bar.

be confronted with the prior statement before Jose could be called to testify, we conclude that under the circumstances the trial court did not abuse its discretion in ruling that the traditional sequence would be followed. Further, because Magee could not subsequently be located and consequently would not be given the opportunity to explain the prior statement, the exclusion of Jose's testimony altogether was not an abuse of discretion.[3] See *Wammock, supra* at 1522 (observing that "where the proponent of the testimony fails to [follow the traditional method] . . . , the proponent runs the risk that the court will properly exercise its discretion to not allow the admission of the prior statement").

Defendant next contends that he was erroneously convicted of felon in possession because, under the terms of MCL 750.224f; MSA 28.421(6), he was prevented from carrying a firearm for only three years after his 1988 conviction of attempted possession of cocaine, not five years as the trial court had concluded. MCL 750.224f; MSA 28.421(6) reads in pertinent part:

> (1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:
>
>       \*     \*     \*
>
> (2) A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or

---

[3] Furthermore, defendant has not established that the "interests of justice otherwise require" us to conclude that the trial court abused its discretion.

distribute a firearm in this state until all of the following circumstances exists:

(a) The expiration of 5 years after all of the following circumstances exist:

*    *    *

(5) As used in this section, "felony" means a violation of a law of this state, or of another state, or of the United States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law.

(6) As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:

*    *    *

(ii) An element of that felony is the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance.

Defendant contends that because subsection 6(ii) does not include a reference to attempted possession of a controlled substance, his 1988 conviction does not meet the definition of a "specified felony." Rather, defendant argues that because subsection 5 specifically defines "felony" as "an attempt to violate" the laws of Michigan, his 1988 conviction is classified as a felony under the statutory scheme. Defendant claims, therefore, that he is subject to the three-year statutory limit imposed by subsection 1 and not the five-year limit imposed by subsection 2(a).

Defendant's argument is predicated on an erroneous reading of MCL 750.224f; MSA 28.421(6). "Statutory interpretation is a question of law reviewed de novo on appeal." *People v Williams*, 226 Mich App 568, 570; 576 NW2d 390 (1997). The overriding goal guiding judicial interpretation of statutes is to discover and give effect to legislative intent. *Tryc v*

*Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996); *Williams, supra* at 570; *Knight v Limbert*, 170 Mich App 410, 413; 427 NW2d 637 (1988). "Unless defined in the statute, every word or phrase therein should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *People v Hack*, 219 Mich App 299, 305; 556 NW2d 187 (1996).

MCL 750.224f; MSA 28.421(6) establishes two separate periods during which it is unlawful for a convicted felon to carry a firearm. The first period lasts for three years, and it applies to individuals convicted of a felony, as that term is defined by the statute. The second period lasts for five years, and it applies to individuals convicted of a specified felony, as that phrase is defined by the statute. The problem with defendant's reading of the statute is that it is based on an erroneous assumption that the categories "felony" and "specified felony" exist independently of each other. In plain and unambiguous language, the statute indicates that a specified felony is merely a particularized subcategory of the category felony. Subsection 5 clearly indicates that the definition of felony applies throughout the statute. MCL 750.224f(5); MSA 28.421(6)(5) ("As used in this *section* . . . ."). Accordingly, the definition of felony provided in subsection 5 also applies to the definition of specified felony found in subsection 6. Subsection 6 simply outlines what *additional* requirements must be met in order for a felony to also be a specified felony. In other words, subsections 5 and 6 are overlapping categories, not discrete classifications, with the specified felony category being entirely subsumed within the felony category. Thus, if an individual is convicted of the

attempted violation of law, and that attempt involved "the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance," then such an individual has been convicted of a specified felony under MCL 750.224f; MSA 28.421(6). Because defendant's 1988 conviction of attempted possession of cocaine meets these criteria, he is subject to the five-year limit.

We also reject two related arguments raised by defendant. First, defendant contends that the trial court erred in admitting into evidence a judgment of probation addressing defendant's 1988 conviction. Initially, we note that defendant failed to preserve the issue for appeal by raising a timely and specific objection to the exhibit when it was offered by the prosecution at the close of its case-in-chief or to the lack of any limiting instruction in the trial court's final jury instructions. *People v Mayfield*, 221 Mich App 656, 660; 562 NW2d 272 (1997). In any event, we conclude that defendant's argument lacks merit given that it is predicated on his erroneous conclusion that the 1988 conviction is not a specified felony. Second, defendant argues that MCL 750.224f; MSA 28.421(6) is unconstitutional in that it (1) infringes on his right to keep and bear arms under the Michigan Constitution[4] and (2) violates the Ex Post Facto Clauses of the federal and state constitutions.[5] Both of these arguments were rejected by this Court in *People v Swint*, 225 Mich App 353, 363, 375; 572 NW2d 666 (1997).

---

[4] Const 1963, art 1, § 6 reads: "Every person has a right to keep and bear arms for the defense of himself and the state."

[5] US Const, art I, § 10 reads in pertinent part: "No State shall . . . pass any . . . ex post facto Law . . . ." Const 1963, art 1, § 10 reads in pertinent part: "No . . . ex post facto law . . . shall be enacted."

Defendant next argues that his convictions must be vacated because he was held in custody in excess of ninety days before commencement of his trial. The ninety-day limit is established by both Const 1963, art 1, § 15 and MCR 6.106(B)(3). While we agree that defendant was held beyond the ninety-day time limit,[6] we find that vacation of his convictions is unwarranted.

MCR 6.106(B) states in pertinent part:

> (1) The court may deny pretrial release to
> (a) a defendant charged with
> (i) murder or treason . . .
>
> \*    \*    \*
>
> (3) If the court determines as provided in subrule (B)(1) that the defendant may not be released, the court must order the defendant held in custody for a period not to exceed 90 days after the date of the order, excluding delays attributable to the defense, within which trial must begin or the court must immediately schedule a hearing and set the amount of bail.

The lower court record includes a criminal scheduling order that indicates that defendant agreed that the trial would commence on April 23, 1996. The trial began as scheduled. The defendant, having agreed to the April 23 date, effectively waived his right to proceed to trial within ninety days. Hence, we conclude defendant's argument to be without merit.

Defendant also argues that the trial court lacked jurisdiction with regard to the charge of felon in possession because the prosecution presented no evi-

---

[6] Defendant was arraigned in the district court on January 16, 1996. At that time defendant was ordered to be held without bond. His jury trial began on April 23, 1996, well in excess of the ninety-day limit.

dence at the preliminary examination regarding defendant's 1988 conviction. Although we agree that an error was made, we conclude that it was harmless given that sufficient evidence was adduced at trial to convict defendant of the charge. *People v Meadows*, 175 Mich App 355, 359; 437 NW2d 405 (1989).

Defendant next claims he was denied his right to due process as guaranteed by the Fourteenth Amendment of the federal constitution[7] when he and his counsel were not allowed to be present at a hearing concerning the prosecution's petition to hold two individuals as material witnesses. We disagree. "A defendant has a right to be present during . . . any . . . stage of trial where the defendant's substantial rights might be adversely affected." *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984). The subject matter of the hearing at issue was the witnesses' fear of testifying against defendant. No other matters were discussed, and no substantive evidence was taken from the witnesses. Therefore, defendant's exclusion from the hearing was not error. *Id.*; *People v Gross*, 118 Mich App 161, 164; 324 NW2d 557 (1982).

Defendant also claims that his Sixth Amendment right to confront the witnesses against him[8] was violated when he was not afforded the opportunity to cross-examine the two material witnesses at the hearing. "[T]he principal protection provided by the [Sixth Amendment's] Confrontation Clause to a criminal defendant is the right to conduct cross-examination."

---

[7] US Const, Am XIV reads in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

[8] US Const, Am VI reads in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

*People v Gearns*, 457 Mich 170, 186; 577 NW2d 422 (1998) (BRICKLEY, J.). A criminal defendant's right to cross-examine, however, comes into play only when a witness has provided evidence of substance that bears on the outcome of the criminal trial. *Id.* at 187. Again, that was not the case with regard to the matters discussed at the hearing. Therefore, no violation of defendant's Confrontation Clause rights occurred. As for defendant's contention that the prosecution failed to disclose any consideration or inducements offered to the two witnesses, there is nothing in the record that supports this allegation.

Finally, defendant claims that his convictions should be reversed because the prosecutor knowingly presented perjurious testimony. See *People v Canter*, 197 Mich App 550, 558; 496 NW2d 336 (1992). Again, we conclude that defendant's claim is not supported by the record. While it is true that some of the details of the testimony given by the prosecutor's res gestae witnesses did conflict, there is no evidence that the prosecutor attempted to conceal these contradictions. Further, while the testimony of some of the witnesses conflicted with statements they had given to the police immediately after the shooting, there is no evidence that the prosecutor attempted to keep the contents of those previous statements from defendant. See *People v McWhorter*, 150 Mich App 826, 831-832; 389 NW2d 499 (1986). Indeed, defense counsel was afforded ample opportunity to impeach the witnesses' credibility at trial with the prior statements. See *People v Thornton*, 80 Mich App 746, 751-752; 265 NW2d 35 (1978).

Defendant's convictions and sentences are affirmed. We remand for imposition of a sentence for

the felon in possession conviction. We do not retain
jurisdiction.