COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JARVIS LESTER NOLAN,

      Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 329321
Macomb Circuit Court
LC No. 2015-001380-FH

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), operating a motor vehicle with a suspended or revoked license, second offense, MCL 257.904, attempted assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and failure to stop after a collision, MCL 257.620. Defendant was sentenced to 15 to 48 months' imprisonment for possession of less than 25 grams of cocaine, 90 days in jail for operating a motor vehicle with a suspended or revoked license, 365 days in jail for attempting, resisting, or obstructing a police officer, and 90 days in jail for failure to stop after a collision. Because the evidence was sufficient to support defendant's conviction for possession of cocaine and defendant was not denied the effective assistance of counsel, we affirm.

On March 15, 2015, police officers in a marked car saw defendant driving a white Cadillac out of the Suez Motel, a location known for drug activity and prostitution. Defendant then ran a red light and made a wide turn at a high rate of speed, crashing into another vehicle as a result. When police approached the Cadillac, defendant jumped out of the vehicle and fled on foot. Defendant was apprehended, and a "white rock" that appeared to be crack cocaine was discovered on the passenger-side floor of the Cadillac. When field tested, the substance tested positive for cocaine and subsequent laboratory testing confirmed that the "rock" contained cocaine. At trial, defendant represented himself with standby counsel available to offer assistance. A jury convicted defendant as noted above. Defendant now appeals as of right.

I. INSUFFICIENT EVIDENCE

On appeal, defendant first argues that the prosecutor failed to present sufficient evidence to support his conviction for possession of cocaine. Specifically, defendant argues that one of the testifying police officers perjured himself at trial and, in light of this purportedly perjured

-1-

testimony, defendant challenges the validity of the chain of custody relating to the "white rock" and asserts that there is no evidence that the substance found in the car was cocaine. Additionally, defendant emphasizes that the Cadillac belonged to someone other than defendant and that no one actually saw defendant with the cocaine. In these circumstances, defendant contends that there was no evidence that he possessed cocaine or that he did so knowingly.

Sufficiency of the evidence challenges are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). We review the evidence in a light most favorable to the prosecution to determine whether a reasonable jury could have found defendant guilty beyond a reasonable doubt. *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

A conviction for possession of less than 25 grams of cocaine requires the prosecution to establish beyond a reasonable doubt (1) that the substance in question was cocaine, (2) that the amount of cocaine was less than 25 grams, (3) that the defendant knowingly possessed the cocaine, and (4) that the defendant was not authorized to possess the cocaine. *People v Wolfe*, 440 Mich 508, 516-517; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). The element of possession requires a showing of "dominion or right of control over the drug with knowledge of its presence and character." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003) (citation and quotation marks omitted). Possession may be actual or constructive, joint or exclusive. *Williams*, 268 Mich App at 421. "Constructive possession exists if the defendant knew that the substance was present and had the right to exercise control over it." *Id.*

In this case, defendant does not dispute that the substance in question was less than 25 grams and that he was not authorized to possess cocaine. Rather, the elements that are in dispute are whether the substance in question was cocaine and whether defendant knowingly possessed the cocaine. We conclude that, viewed in a light most favorable to the prosecution, the evidence was sufficient to establish these elements beyond a reasonable doubt.

As to whether the substance at issue was cocaine, according to Officer Sevan Zayto, the white rock field tested positive for cocaine. The test was performed in front of Officer Zayto's supervisor, and the sample that was tested was thrown away, per normal procedure. The remaining cocaine was placed in an evidence bag, sealed, labeled with Officer Zayto's initials and badge number, date, and assigned an incident number of 15-133320. Officer Zayto identified the substance at trial based on the assigned number and other identifying information. According to Stephanie Grabowski, a forensic scientist with the Michigan State Police forensic lab, she tested a substance with a designated lab number of 1513320. Grabowski determined that the substance contained cocaine.

Based on the difference in the numbers assigned to the substance, i.e., the extra "3" mentioned by Officer Zayto, defendant now accuses Officer Zayto of perjury and suggests that Grabowski did not test the substance recovered in the Cadillac. However, merely pointing out an inconsistency between the numbers does not establish that Officer Zayto committed perjury. See

*People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998); *People v Cash*, 388 Mich 153, 162; 200 NW2d 83 (1972). Indeed, Officer Zayto's reference to an extra "3" in the incident number was more likely the product of misspeaking than one of perjury, given that the numbers were almost identical. In any event, the truthfulness of Officer Zayto's testimony is not for us to decide. That is, this inconsistency does not undermine the sufficiency of the evidence or establish that Grabowski did not test the substance recovered in the car. Rather, defendant has merely identified an issue involving witness credibility and the weight of the evidence; and, these matters were for the jury. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008) ("It is the jury's task to weigh the evidence and decide which testimony to believe."); *People v White*, 208 Mich App 126, 133; 527 NW2d 34 (1994) ("[A]ny deficiencies in the chain of custody go to the weight afforded to the evidence."). Given the evidence presented, the jury could reasonably conclude that the "rock" found in the Cadillac was cocaine.

As to whether defendant knowingly possessed the substance, while defendant did not have the crack cocaine in his actual possession at the time of his arrest, circumstantial evidence supports the conclusion that defendant constructively possessed the crack cocaine. The crack cocaine was found on the floorboard of the passenger side of a vehicle of which defendant was the driver and sole occupant. Although defendant emphasizes that he was not the registered owner of the vehicle, the evidence supports the conclusion that defendant was not simply an unwitting driver of a borrowed vehicle containing cocaine. For instance, according to Officer Brandon Vangorder's testimony, when he was transporting defendant to jail, defendant referred to the vehicle that he was driving as "Casper," "because he ghosts the police so frequently." Officer Vangorder explained that the term "ghosts" referred to running away from or evading the police. That defendant had a nickname for the vehicle based on his frequent use of the vehicle to evade the police evinces defendant's control over the vehicle and it suggests his knowledge of the vehicle's contents that would necessitate evasion of the police. Indeed, defendant first caught the attention of the police on the date of his arrest after he was seen leaving a motel known for drug activity and prostitution. Upon leaving the motel, defendant drove in a manner indicating that he was trying to avoid the police. Ultimately, after defendant crashed the vehicle that he was driving, he ran away from the scene of the accident. This evidence of evasion and flight can be seen as indicative of his consciousness of guilt as well as of his knowledge of the illegal substance recovered in the vehicle on the date in question. See *People v Burbank*, 234 Mich 600, 604; 208 NW 687 (1926); *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). Overall, defendant's proximity to the crack cocaine in a vehicle where he was the only occupant, coupled with his evasive behavior and attempted flight in an area known for illegal drug activity, is sufficient to reasonably support the conclusion that defendant constructively possessed the crack cocaine. See *Williams*, 268 Mich App at 421. Thus, there was sufficient evidence for a rational jury to find defendant guilty, beyond a reasonable doubt, of possession of less than 25 grams of cocaine.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that his standby counsel's deficient performance deprived him of his constitutional right to the effective assistance of counsel. Defendant provides a list of activities he claims standby counsel should have performed, including tasks relating to discovery, questioning of witnesses, and generally advising defendant during trial. According to

defendant, absent standby counsel's failings, it is reasonably probable that he would not have been convicted.

A claim for ineffective assistance of counsel is preserved by raising the issue in a motion for a new trial or in a motion for a *Ginther*[1] hearing in the trial court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Defendant failed to request a new trial or *Ginther* hearing. Thus, this issue is unpreserved. *Id.* "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016) (citations omitted).

"The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel." *Id.* However, standby counsel is not "counsel" within the meaning of these constitutional guarantees. *People v Willing*, 267 Mich App 208, 227-228; 704 NW2d 472 (2005). That is, standby counsel may offer advice; but, standby counsel does not bear the responsibility for the defense and "cannot substantially interfere with any significant tactical decisions, cannot control the questioning of witnesses, and cannot speak in place of the defendant on any matter of importance." *Id.* (citation omitted). It follows that standby counsel "cannot be held to the standards of effective assistance required of trial counsel." *People v Kevorkian*, 248 Mich App 373, 427; 639 NW2d 291 (2001). In other words, "a defendant who chooses to represent himself does so at his own peril. With no constitutional right to an attorney, a defendant proceeding in propria persona has no basis to claim that [standby counsel] must abide by constitutional standards." *Id.* at 424. See also *People v Dennany*, 445 Mich 412, 442; 519 NW2d 128 (1994) ("[A] defendant has a constitutional entitlement to represent himself or to be represented by counsel—but not both."). It is only where standby counsel exceeds the role of standby counsel and actually acts as defendant's lawyer that this Court might consider a claim of ineffective assistance of counsel against standby counsel. See *Kevorkian*, 248 Mich App at 425-426.

In this case, defendant chose to represent himself and he was assigned advisory counsel. It is clear from the record that defendant's counsel only acted as standby counsel and nothing more. Following closing arguments, out of the jury's presence, defendant's standby counsel stated on the record that she spoke with defendant before each hearing and, though defendant disagreed with her on fundamental matters, she pointed out the most significant points that he might consider addressing in his arguments. However, counsel noted, and the record confirms, that she was "silent" in the courtroom during trial. In comparison, defendant conducted jury selection, made motions, gave opening and closing statements, and questioned witnesses. On these facts, it is clear that defendant had control of his own defense and that standby counsel was not acting as "counsel" within the meaning of the Sixth Amendment. Cf. *id.* at 426-427. Having made the decision to proceed in propria persona, defendant cannot now claim on appeal that he was denied the effective assistance of counsel or that standby counsel was responsible for his conviction. See *id.* In short, defendant has no claim for ineffective assistance of counsel.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra