VILLAGE OF DURAND *v.* LOVE.

1. MUNICIPAL CORPORATIONS—ORDINANCE ATTEMPTING TO CONFER ARBITRARY AUTHORITY VOID.

Section of village ordinance prohibiting removal of wooden building within fire limits without permit from chairman of building committee is void where authority to grant permit attempted to be conferred on said chairman is unlimited and arbitrary.

Validity of municipal ordinance forbidding or restricting repairs of wooden building within fire limits, see annotation in 26 A. L. R. 1219; 56 A. L. R. 878.

2. SAME—REFERENCE TO PUBLIC RECORD.
   While ordinance may refer to public record already established
      by lawful authority and become effective without publication
      of such record as part of ordinance, it may not at the same
      time establish a paper as a public record and also incorporate
      it as part of ordinance by reference merely.

3. SAME—PUBLICATION.
   Village ordinance published without incorporating map defining
      fire limits was void for want of publication, where map was
      drafted solely for purpose of ordinance, and therefore was not
      public record to which reference would have been permissible.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted April 21, 1931. (Docket No. 23, Calendar No. 35,486.) Decided June 1, 1931.

Bill by Village of Durand, a municipal corporation, against B. P. Love to abate a nuisance. Bill dismissed. Plaintiff appeals. Affirmed.

*Seth B. Terry* (*George W. Cook,* of counsel), for plaintiff.

*Matthews, Hicks & Des Jardins,* for defendant.

FEAD, J. This is a bill to abate, as a nuisance, a wooden building moved from one location to another within the fire limits of the village of Durand, in violation of an ordinance. The ordinance declares such building a public nuisance and requires its abatement on order of the common council. The authority to adopt such ordinance is conferred by 1 Comp. Laws 1929, §§ 1549, 1667 *et seq.*

Section 8 of the ordinance deals with wooden buildings. Among other things, it declares it unlawful to remove such a building from one location to another within the fire limits "without first having obtained from the chairman of the building commit-

tee of said village (a permit) in writing so to do.''
No qualifications or standard of building proper to
be removed nor conditions or restrictions on the dis-
cretion of the chairman to grant or deny such per-
mits are provided, as they are in connection with
permit in other sections of the ordinance. It thus
appears to have been the intention, as it is the ob-
vious construction, that the authority attempted to
be conferred on the chairman by section 8 was un-
limited and arbitrary. Section 8, therefore, is void.
*Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564 (33
A. L. R. 142).

It is further contended that the whole ordinance
is invalid for want of publication. Section 1 reads:

"Sec. 1. That all that portion of the village of
Durand described and shown on a certain map and
blue print marked 'Exhibit A' now on file in the
office of the clerk of said village the same being a
part of this ordinance, be and the same is hereby
designated and declared to be the fire limits of the
village of Durand.''

Exhibit A was not published with the ordinance.
Counsel for plaintiff urges that its publication was
not necessary because it was a public record to
which the ordinance could refer without publica-
tion of it.

An ordinance sometimes may refer to a public
record already established by lawful authority and
become effective without publication of such record
as part of the ordinance. But Exhibit A was drafted
solely for the purpose of the ordinance and to define
the fire limits, had no prior official approval and had
no purpose, use, force, or official sanction except
as it was given by and as part of the ordinance. An
ordinance cannot at the same time establish a paper

as a public record and also incorporate it by reference as a previously established public record. Without publication of the map, the ordinance was not published in full, did not comply with the statute, and is void. *Thompson Scenic R. Co.* v. *McCabe,* 211 Mich. 133.

Decree dismissing the bill affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.