GOVERNALE v. CITY OF OWOSSO

1. MUNICIPAL CORPORATIONS—BONDS—REVENUE BOND ACT—ORDINANCE.

   An ordinance authorizing the issuance of bonds by a municipal corporation under the Revenue Bond Act of 1933 need not include a determination of necessity and a description of the public improvement to be financed (MCLA § 141.106).

2. MUNICIPAL CORPORATIONS—PUBLIC UTILITIES—TOWNSHIPS—HIGHWAYS—USE—CONSENT—RESOLUTION.

   A township may grant consent to a public utility to use its highways by resolution.

3. EMINENT DOMAIN—HIGHWAYS—ADDITIONAL USE.

   Property owners are not entitled to compensation by condemnation for a water main being laid in front of their property where the main is laid within an existing highway right-of-way, and therefor does not increase the burden or servitude on the abutting land.

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 May 11, 1971, at Lansing. (Docket No. 9907.) Decided May 20, 1971. Leave to appeal granted, 385 Mich 773.

Complaint by Joseph G. Governale, Josephine H. Governale, and 13 others against the City of Owosso to enjoin defendant from further construction of water mains running in front of plaintiffs' property. Judgment for defendant. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur, Public Securities and Obligations § 76.
[2] 39 Am Jur 2d, Highways, Streets and Bridges § 213 et seq.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 263.

*Hildebrandt, King & Smith,* for plaintiffs.

*Lewis D. Benson,* City Attorney, and *Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *George T. Stevenson*), for defendant.

Before: Danhof, P. J., and Fitzgerald and Quinn, JJ.

Quinn, J. For many years prior to April 3, 1968, defendant owned and operated a water supply system pursuant to the provisions of the Revenue Bond Act of 1933, MCLA § 141.101 *et seq.* (Stat Ann 1969 Rev § 5.2731 *et seq.*). In keeping with its continuing program of improvement and enlargement of the water system, defendant's council enacted ordinance no. 241 on April 3, 1968. This ordinance authorized the acquisition and construction by defendant of new wells, water transmission lines, water treatment plant improvements, and raw water mains, together with necessary appurtenances and attachments and the issuance of revenue bonds to finance the improvements.

The bond issue was approved by the Municipal Finance Commission, and the bonds were sold and delivered in the fall of 1968. Pursuant to the requirements of MCLA § 141.104 (Stat Ann 1969 Rev § 5.2734), defendant sought and obtained permission from the Shiawassee County Road Commission and the Township of Caledonia to run raw water mains from wells located on land owned by defendant in the Township of Caledonia to the water treatment plant of defendant. Part of these mains are being installed along Hintz Road within 33 feet of the center line thereof. Plaintiffs own property abutting Hintz Road along this installation.

By this action, plaintiffs sought to enjoin defendant from further construction and operation under ordinance no. 241, to require defendant to use condemnation to acquire the right-of-way for the water mains running in front of their property, and damages for alleged trespass.

The trial court dismissed plaintiffs' action except for the damage claim arising from the alleged trespass. Pursuant to stipulation of the parties, the trial court ordered that the partial dismissal was considered to be a final judgment, and plaintiffs appeal as of right.

Plaintiffs assert two reasons in support of their contention that the trial court erred in dismissing their action for an injunction, namely: ordinance no. 241 is defective and invalid, and the permission granted by Caledonia Township was illegal because it was granted by resolution rather than by ordinance.

Plaintiffs contend ordinance no. 241 is defective and invalid because it fails to determine the necessity and description of the public improvement. In support, they cite *L. A. Thompson Scenic Railway Co.* v. *McCabe* (1920), 211 Mich 133, and *Village of Durand* v. *Love* (1931), 254 Mich 538. Neither case involves the Revenue Bond Act and both are inapposite. By the provisions of MCLA § 141.102 (Stat Ann 1969 Rev § 5.2732), an ordinance which meets the requirements of MCLA § 141.106 (Stat Ann 1969 Rev § 5.2736) is valid. The record supports the finding of the trial court that ordinance no. 241 is valid.

It is plaintiffs' position that since the permission granted by Caledonia Township was subsequent to the enactment of ordinance no. 241, the permission had to be by ordinance, citing Const 1963, art 7, § 29. Section 29 requires consent by the township before

defendant may use highways in the township; it does not specify the manner of obtaining that consent. The consent granted by resolution was legal. *Kalamazoo Municipal Utilities Association v. City of Kalamazoo* (1956), 345 Mich 318.

Plaintiffs were not entitled to condemnation. Construction of the water main within the highway right-of-way did not increase the burden or servitude upon their abutting land. *People* v. *Eaton* (1894), 100 Mich 208.

Affirmed with costs to defendant.

All concurred.