GOVERNALE *v* CITY OF OWOSSO

1. EMINENT DOMAIN—HIGHWAYS—PIPELINES—ADJACENT PROPRIE-
TORS—COMPENSATION.
    Installation of a water pipeline beneath a roadway is not an
    additional servitude upon the land of adjacent proprietors;
    therefore, plaintiffs, who owned property abutting a road
    along that installation, were not entitled to just compensa-
    tion arising from the installation of the pipeline by a city
    within 33 feet of the centerline of the road.

2. WATERS AND WATER COURSES—SUBTERRANEAN WATERS—PIPELINES
—DAMAGES.
    Plaintiffs are entitled to that long or short day in court which,
    upon the record as it stands, is requisite to determination of
    the allegations in their complaint, which was denied by de-
    fendant city, that the proposed public improvement by the
    city of removal of subterranean water in the quantities
    contemplated for a water pipeline will deplete the water
    level resulting in a taking of plaintiffs' private property
    and in damages to the remaining lands and buildings.

3. MUNICIPAL CORPORATIONS—BONDS—REVENUE BOND ACT—ORDI-
NANCES.
    An ordinance authorizing the issuance of bonds by a municipal
    corporation under the Revenue Bond Act of 1933 need not
    include a determination of necessity and a description of
    the public improvement to be financed (MCLA 141.102,
    141.106).

4. TOWNSHIPS — MUNICIPAL CORPORATIONS — HIGHWAYS — USE —
CONSENT — RESOLUTION.
    A township may grant consent to a municipal corporation to
    use its highways by resolution.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 26 Am Jur 2d, Eminent Domain §§ 55, 141, 225.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions § 369.
[4] 56 Am Jur 2d, Municipal Corporations, Counties and Other
    Political Subdivisions § 140.

Appeal from Court of Appeals, Division 2, Danhof, P. J., and Fitzgerald and Quinn, JJ., affirming Shiawassee, Michael Carland, J. Submitted May 3, 1972. (No. 10 May Term 1972, Docket No. 53,487.) Decided June 20, 1972.

33 Mich App 586 reversed.

Complaint by Joseph G. Governale and others against the City of Owosso to enjoin defendant from further construction and operation under an ordinance, to require defendant to use condemnation to acquire the right-of-way for the water mains running in front of their property, and damages for alleged trespass. Judgment for defendant. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Reversed and remanded.

*Bruce S. King*, for plaintiffs.

*Louis D. Benson*, City Attorney, and *Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *George T. Stevenson*), for defendant.

PER CURIAM. Concerned principally if not wholly with view below that stated and accepted question 3 should be answered in the negative, we granted review of *Governale v Owosso,* 33 Mich App 586 (1971) (385 Mich 773). Question 3:

"By virtue of the fact that the plaintiffs are owners of the fee to the centerline of Hintz road and the fact that construction of the proposed public improvement is within the centerline of Hintz road, are plaintiffs being denied their right to eminent domain proceedings as provided in article X, section 2 of the Michigan Constitution of 1963?"

The response of Division 2 was (p 589):

"Plaintiffs were not entitled to condemnation. Construction of the water main within the highway right-of-way did not increase the burden of servitude upon their abutting land. *People* v *Eaton* (1894), 100 Mich 208."

Plaintiffs' action was dismissed in circuit, without a trial or hearing of proof tending to support or overcome paragraph 8 of plaintiffs' complaint, which paragraph the defendant city flatly denied. Paragraph 8 reads:

"That, in addition to taking the private property of plaintiffs by the construction of an underground pipeline across the lands of these plaintiffs, the defendant, city of Owosso, is unlawfully interfering with the rights of plaintiffs with regards to the subterranean water level; that the proposed public improvement of defendant seeks to withdraw the subterranean water from the township of Caledonia in two locations, one being the Osborn Lake well located at the south end of Osborn Lake, 1152 feet north of East Oliver Street, 4090 feet east and 2490 feet north of the southwest corner of section 18, Caledonia township, county of Shiawassee; and the second well being located on Hintz Road, 4419 feet east and 1420 feet north of the southwest corner of section 7, Caledonia township, Shiawassee county; that it is proposed by the defendant City of Owosso, to remove from each well a quantity of water, to-wit: 900 gallons per minute capacity and 500 gallons per minute, minimum, the records of the Michigan Water Resources Commission will indicate that pumping 900 gallons per minute will reduce the water level of said subterranean waters of plaintiffs by 17.7 feet after a period of 5 hours; that the contemplated removal of subterranean water in the quantities contemplated will deplete the water level in Caledonia township resulting in a taking of their private

property and in damages to the remaining lands and buildings."

We agree with Division 2 that, so far as concerns plaintiffs' claim of just compensation arising from the fact of installation of the pipeline beneath the roadway, the reasoning of *People* v *Eaton,* 100 Mich 208, 210–213 (1894) properly applies.* However, with the issue of fact created by quoted paragraph 8 left undetermined, we are constrained to reverse for trial of that issue.

Plaintiffs' properties may or may not have been damaged, as charged by paragraph 8. They are entitled to that long or short day in court which, upon the record as it stands, is requisite to determination of the paragraph 8 issue.

As for the remaining questions presented, we agree with the disposition thereof made by Division 2. Reversed and remanded. Costs of all three courts to plaintiffs.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.

---

* For a recent case reasoned upon the same principles and applied to installation of a water main, see *Ziegler* v *Ohio Water Service Co,* 18 Ohio St 2d 101; 47 Ohio Op 2d 244; 247 NE2d 728 (1969) (overruling *Hofius* v *Carnegie-Illinois Steel Corp,* 146 Ohio St 574; 67 NE2d 429 [1946]).