PEOPLE v WILLIAMS

Docket No. 199847. Submitted October 8, 1997, at Lansing. Decided November 25, 1997, at 9:15 A.M.

Edgar Williams, charged in the Ingham Circuit Court with carrying a concealed weapon (CCW), MCL 750.227; MSA 28.424, brought a motion to quash the bindover and dismiss the charge. The defendant argued that he held a valid Alabama license to carry the pistol at issue and therefore was exempt from the CCW statute pursuant to MCL 750.231a(1)(a); MSA 28.428(1)(1)(a), which provides that the CCW statute does not apply "to a person holding a valid license to carry a pistol concealed upon his or her person issued by another state." The court, Lawrence M. Glazer, J., granted the motion, rejecting the prosecution's argument that the exemption provided by § 231a(1)(a) applies only to those who are not residents of Michigan. The prosecution appealed.

The Court of Appeals *held*:

1. The trial court erred in ruling that § 231a(1)(a) applies to Michigan residents and nonresidents alike. Although the use of the term "person" in § 231a(1)(a) arguably makes the exemption applicable to any person without regard to whether the person is a Michigan resident, § 231a(1)(a) must be construed together with the licensing requirements for Michigan residents, MCL 28.426(1)(a)-(e); MSA 28.98(1)(a)-(e), and in light of the general purpose of the CCW statute. When so construed, it is reasonable to conclude that the Legislature intended to make § 231a(1)(a) applicable only to nonresidents.

2. The quashing of the bindover and the dismissal of the charge were nevertheless proper because, although the defendant had applied for a Michigan identification card and indicated his brother's home in Michigan as his address, the defendant had not intended to permanently abandon his Alabama domicile and was therefore not a resident of Michigan at the time he was arrested.

Affirmed.

1. WEAPONS — CARRYING CONCEALED PISTOLS — EXEMPTION FOR LICENSES OBTAINED FROM OTHER STATES.

A person who carries a concealed pistol for which the person holds a valid license issued by another state is exempt from prosecution in

Michigan for carrying a concealed weapon only if the person is not a resident of Michigan (MCL 750.227, 750.231a[1][a]; MSA 28.424, 28.428[1][1][a]).

2. DOMICILE — INTENT.

Domicile is essentially a question of intent, depending on the facts and circumstances of the particular case, and proof of domicile does not depend on any particular fact, but on whether all the facts and circumstances taken together tend to establish it.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, and *Samuel R. Smith*, Chief of Appellate Division, for the people.

*Gene F. Turnwald*, for the defendant.

Before: JANSEN, P.J., and DOCTOROFF and GAGE, JJ.

PER CURIAM. The prosecution appeals as of right from the trial court's order granting defendant's motion to quash the bindover and dismiss the charge against him of carrying a concealed weapon (CCW), MCL 750.227; MSA 28.424. We affirm.

On June 20, 1996, Lansing police stopped defendant because the automobile he was driving had a cracked windshield, a loud exhaust, and only one brake light. Defendant consented to a search of his automobile, and the police found a .380 caliber semiautomatic handgun in the glove compartment. Defendant produced an Alabama pistol license with an expiration date of January 30, 1997. Defendant was arrested and charged with carrying a concealed weapon, in violation of MCL 750.227; MSA 28.424. Following a preliminary examination, he was bound over for trial. Defendant brought a motion to quash the bindover and dismiss the charge against him, arguing that he was exempted from liability under the CCW statute

because he held a valid license from another state. The trial court granted the motion, holding that MCL 750.231a(1)(a); MSA 28.428(1)(1)(a) exempts from liability under the CCW statute all persons, including Michigan residents, who hold a valid license from another state.

MCL 750.231a(1)(a); MSA 28.428(1)(1)(a) provides that section 227 does not apply

> [t]o a person holding a valid license to carry a pistol concealed upon his or her person issued by another state except where the pistol is carried in nonconformance with a restriction appearing on the license.

On appeal, the prosecution argues that the Legislature did not intend this provision to apply to Michigan residents. Defendant argues that the plain language of the statute applies to any "person," and does not limit the exception to nonresidents of Michigan.

Statutory interpretation is a question of law reviewed de novo on appeal. *People v Hammons*, 210 Mich App 554, 557; 534 NW2d 183 (1995). The purpose of statutory interpretation is to give effect to the intent of the Legislature. *People v Morris*, 450 Mich 316, 326; 537 NW2d 842 (1995). If the language of the statute is unambiguous, we enforce it as plainly written. However, if a statute is susceptible to more than one interpretation, we must engage in judicial construction and interpret the statute. *Id.* A statute that is unambiguous on its face may be rendered ambiguous by its interaction with and its relation to other statutes. *People v Denio*, 454 Mich 691, 699; 564 NW2d 13 (1997). Penal statutes must be strictly construed, absent a legislative statement to the contrary. *People v Hardy*, 188 Mich App 305, 309; 469 NW2d 50

(1991). A penal statute must be sufficiently definite and explicit to inform those who are subject to it what conduct will render them liable to its penalties. *Id.* "A person is not required, at peril of life, liberty, or property, to speculate concerning the meaning of criminal statutes." *Id.*

Although the intent of the Legislature may be inferred from the language of the statute, it is not the meaning of the particular words in the abstract, or their strictly grammatical construction, that governs. *People v Hill*, 433 Mich 464, 474; 446 NW2d 140 (1989).

> "The words are to be applied to the subject matter and to the general scope of the provision and they are to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied." [*Id.*, pp 474-475, quoting *People v Gibson*, 94 Mich App 172, 177; 288 NW2d 366 (1979), rev'd on other grounds 411 Mich 993 (1981). ]

At first glance, the language of MCL 750.231a(1)(a); MSA 28.428(1)(1)(a)  appears unambiguous. "A person holding a valid license to carry a pistol concealed upon his or her person issued by another state" appears to apply to any person, and not only a resident of the state that issued the license. However, when read together with the licensing requirements for Michigan residents, and in light of the general purpose of the CCW statute, we find that the Legislature intended the exemption to apply only to nonresidents of Michigan.

MCL 28.426(1);  MSA 28.93(1)  provides in part:

> The prosecuting attorney, the sheriff, and the director of the department of state police, or their respective authorized deputies, shall constitute boards *exclusively author-*

*ized to issue a license to an applicant residing within
their respective counties,* to carry a pistol concealed on the
person and to carry a pistol, whether concealed or other-
wise, in a vehicle operated or occupied by the applicant.
The county clerk of each county shall be clerk of the licens-
ing board, which board shall be known as the concealed
weapon licensing board. A license to carry a pistol con-
cealed on the person or to carry a pistol, whether con-
cealed or otherwise, in a vehicle operated or occupied by
the person applying for the license, shall not be granted to a
person unless the person is 18 years of age or older, is a cit-
izen of the United States, and has resided in this state 6
months or more. A license shall not be issued unless it
appears that the applicant has good reason to fear injury to
his or her person or property, or has other proper reasons,
and is a suitable person to be licensed. [Emphasis added.]

The statute then enumerates specific criteria that
must be met before an applicant may be issued a
license. MCL 28.426(1)(a)-(e); MSA 28.93(1)(a)-(e). It
would be absurd for the Legislature to have enacted
strict criteria for a Michigan resident to obtain a
Michigan CCW license, and then to exempt him from
liability under the CCW statute if he obtains a permit
from another state. It is more reasonable to assume
that the exemptions in MCL 750.231a; MSA 28.248(1)
are designed to apply to persons not covered by the
licensing procedure in place for Michigan residents.
We therefore hold that the exemption in MCL
750.231a(1)(a); MSA 28.428(1)(1)(a) does not apply
to Michigan residents. This interpretation is consis-
tent with the opinion of the Attorney General. OAG
1994, No 6798, pp 144-146 (May 16, 1994). However,
because the record supports a finding that defendant
was a resident of Alabama, it is not necessary to
remand.

When used in a statute conferring jurisdiction, residence is interpreted to mean legal residence or domicile. *Fowler v Fowler*, 191 Mich App 318, 319; 477 NW2d 112 (1991).

> The issue of a person's domicile is principally a question of intent, and is resolved by reference to all the facts and circumstance of the particular case. Proof of domicile does not depend on any particular fact, but on whether all the facts and circumstances taken together tend to establish it. All acts indicative of purpose must be carefully scrutinized. [*Curry v Jackson Circuit Court*, 151 Mich App 754, 759; 391 NW2d 476 (1986) (citations omitted).]

At the time of his arrest, defendant held a valid Alabama driver's license, and his car was registered in Alabama. Defendant stated in an affidavit that his permanent address was in Camden, Alabama. In June 1996, defendant applied for a Michigan personal identification card, giving his brother's home as his address. However, defendant stated in his trial brief that he did so only to obtain temporary employment in Michigan. Although defendant may have been residing in both Michigan and Alabama at the time of his arrest, he could only have one legal residence. *Gluc v Klein*, 226 Mich 175, 179; 197 NW 691 (1924). Because defendant had not applied for a Michigan driver's license, had not rented or purchased a home in Michigan, and had not obtained permanent employment in Michigan, we find that the evidence does not establish that defendant intended to permanently abandon his Alabama domicile. Therefore, although the trial court's interpretation of MCL 750.231a(1)(a); MSA 28.428(1)(1)(a) was incorrect, it properly granted defendant's motion to quash the bindover.

Affirmed.