604 N.W.2d 781 (1999)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Karl James MILLER, Defendant-Appellant.
Docket No. 211105.
Court of Appeals of Michigan.
Submitted August 10, 1999, at Lansing.
Decided October 19, 1999, at 9:05 a.m.
Released for Publication January 25, 2000.
*782 Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, Brian L. Mackie, Prosecuting Attorney, and Lenore M. Ferber, Assistant Prosecuting Attorney, for the people.
Chapman & Associates (by Ronald W. Chapman and Brian J. Richtarcik), Birmingham, for the defendant.
Before: BANDSTRA, C.J., and JANSEN and WHITBECK, JJ.
BANDSTRA, C.J.
Defendant Karl James Miller was convicted of carrying a concealed weapon, M.C.L. § 750.227(2); MSA 28.424(2), and sentenced to thirty days in jail to be served on weekends, two years' probation, a $2,500 fine, and an additional sixty days in jail to be served at the end of his probation, which may be suspended by the trial court. He appeals as of right. We affirm.
The facts of this case are not in dispute. Defendant was stopped by an Ann Arbor police officer, who asked defendant for his driver's license and registration. Defendant produced an Ohio driver's license and told the officer that the registration was in a briefcase in the trunk of the car. When defendant opened the trunk, the officer noticed a large number of items including what appeared to be a shotgun case. When the officer asked defendant if the gun in the case was the only gun in the car, defendant replied that there were a number of guns, including handguns. The officer found two loaded handguns in defendant's briefcase, and two shotguns, an assault rifle, and two unloaded handguns in the trunk. Defendant told the officer that he had no permit to carry the guns; he was charged and convicted under the concealed weapons statute.
Defendant contends that he is an Ohio resident and notes that the Ohio statutory scheme provides a limited defense to the offense of carrying a concealed weapon for residents who carry weapons in motor vehicles. See Ohio Rev. Code Ann. 2923.12(C)(4), 2923.16(C).[1] The Michigan statute provides that its concealed weapons provisions do not apply "[t]o a person holding a valid license to carry a pistol concealed upon his or her person issued by another state." MCL 750.231a(1)(a); MSA 28.428(1)(1)(a). Defendant argues that the Ohio statute constitutes a "de facto" license for Ohio citizens, thus satisfying the requirements of the Michigan statute. The question thus turns on the meaning of the exception found in M.C.L. § 750.231a(1)(a); MSA 28.428(1)(1)(a).
In People v. Williams, 226 Mich.App. 568, 570, 576 N.W.2d 390 (1997), this Court articulated the means by which this Court interprets statutes:
Statutory interpretation is a question of law reviewed de novo on appeal. People v. Hammons, 210 Mich.App. 554, 557, 534 N.W.2d 183 (1995). The purpose of statutory interpretation is to give effect to the intent of the Legislature. People v. Morris, 450 Mich. 316, 326, 537 N.W.2d 842 (1995). If the language of the statute is unambiguous, we enforce it as plainly written.
The exception to criminal liability on which defendant relies, M.C.L. § 750.231a(1)(a); MSA 28.428(1)(1)(a), says that the concealed weapons provisions[2] do not apply "[t]o a person holding a valid license to carry a pistol concealed upon his or her *783 person issued by another state.. ." (emphasis added). By its unambiguous terms, this statute requires both that a valid license be held by a person seeking its protection and that the license was issued by a state. Neither of these conditions is satisfied here. Apparently, the intent of the Legislature was to accept as a satisfactory alternative the application, investigation, and licensing scheme of some other state, in lieu of similar procedures required by Michigan law. See M.C.L. § 28.426; MSA 28.93. Without deciding whether a license issued without any such procedures being followed would suffice, we hold that another state's legislative scheme that does not require any license whatsoever being issued is insufficient to trigger the exclusion of the Michigan statute.[3]
Defendant's argument would have us read into the statute a provision that it should not apply under circumstances where a general exemption from concealed weapons proscriptions would apply in some other state. Had the Legislature intended that broader protection for out-of-state residents found with weapons in Michigan, it could easily have written the statute in this fashion. The Legislature did not take that approach, and we are without authority to rewrite the statute as defendant suggests.
Further, even if we were to accept defendant's contention that the Ohio statute constitutes a "de facto" license, defendant's argument would be without merit for a second and independent reason.[4] The Ohio statute applies only to the transportation of unloaded firearms in a motor vehicle. Ohio Rev. Code Ann. 2923.16(C). Thus, defendant has no argument that the Ohio statute somehow licensed him to carry the two loaded handguns that were found in his briefcase.[5]
Defendant argues that an interpretation of M.C.L. § 750.231a(1)(a); MSA 28.428(1)(1)(a) that does not entitle him to use Ohio's affirmative defense in this case would render the statute void for vagueness. We will not consider this argument. Defendant did not raise his constitutional challenge in the list of questions presented. Further, nothing in defendant's statement of questions presented suggests that he is presenting a constitutional challenge. He has presented nothing for review. MCR 7.212(C)(5); People v. Price, 214 Mich.App. 538, 548, 543 N.W.2d 49 (1995).
We affirm.
NOTES
[1] For purposes of our analysis, we assume without deciding that defendant is an Ohio resident.
[2] MCL 750.227; MSA 28.424.
[3] Defendant's reliance on Williams is misplaced because there the defendant produced a valid pistol license that had been issued by the state of Alabama. Williams, supra at 569, 576 N.W.2d 390.
[4] We note that the Michigan statute provides a possible exemption only for persons carrying "a pistol." MCL 750.231a(1)(a); MSA 28.428(1)(1)(a). That exemption could not apply to defendant's carrying of the shotguns and assault rifle. However, these weapons were apparently not at issue here, because defendant was charged and convicted of a violation of M.C.L. § 750.227(2); MSA 28.424(2), which applies only to pistols.
[5] It is unclear from the record which of the handguns was at issue when defendant was charged and convicted of the concealed weapon offense.