*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAN MARINO IRON, INC.,

Plaintiff-Appellant,

v

LOUIS HAJI,

Defendant-Appellee.

FOR PUBLICATION
May 26, 2022
9:10 a.m.

No. 355643
Oakland Circuit Court
LC No. 2019-175768-CK

Before: REDFORD, P.J., and SAWYER and MURRAY, JJ.

MURRAY, J.

Plaintiff appeals of right the final order of the trial court granting defendant's motion for summary disposition. For the reasons outlined below, we reverse and remand for further proceedings.

## I. BACKGROUND

This case arises out of a contract between plaintiff and defendant for plaintiff to design, create, and install a wrought-iron railing for the staircase in defendant's home. Defendant paid a $10,000 deposit before plaintiff began its work. Following installation, however, defendant refused to pay the remaining $16,000 plaintiff asserted as owing.

Plaintiff brought suit, eventually raising claims of breach of contract, fraud in the inducement, unjust enrichment and conversion, asserting defendant had not paid the agreed upon price for the railing and yet continued to enjoy the work and items installed by plaintiff. In answering plaintiff's second amended complaint, defendant admitted that he entered into the contract with plaintiff and failed to pay $16,000, but he denied liability on all claims because he was dissatisfied with the railing and plaintiff, therefore, breached the contract.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff was a residential maintenance and alterations contractor (RMAC) under MCL 339.2401(b), was required to be licensed but was not, and therefore could not sue to collect on the contract. MCL 339.2412(1). Defendant also argued that because of plaintiff's unlicensed status, the lien plaintiff placed on defendant's property was unlawful and had to be removed.

-1-

For its part, plaintiff filed a cross-motion for summary disposition under MCR 2.116(C)(10). Plaintiff argued defendant breached the contract by accepting installation of the railing but refusing to pay the contract price, and that defendant committed conversion by exercising dominion over the railing even though the railing belonged to plaintiff until defendant paid the contract price. Because defendant concedes that he kept the railing and failed to pay the contract price, plaintiff argued it was entitled to summary disposition on all of its claims.

The court found plaintiff was required to be licensed as an RMAC under MCL 339.2401(b), concluding that plaintiff "installed staircase railings in defendant's home and was aware that such railings had to be installed to code." Because it was not licensed, the court held plaintiff could not maintain its action. Therefore, the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8). The court also denied plaintiff's motion for summary disposition, ordered plaintiff to remove the lien on defendant's property, and ordered defendant to return the railing within two weeks.[1]

## II. ANALYSIS

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by accepting all factual allegations in the complaint as true and determining whether "a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. at 159-160.

This appeal requires interpreting the Occupational Code, MCL 339.101 *et seq*. When interpreting a statute, "the fundamental task of a court is to discern and give effect to the Legislature's intent as expressed in the words of the statute." *Guardian Environmental Servs, Inc v Bureau of Constr Codes & Fire Safety*, 279 Mich App 1, 6; 755 NW2d 556 (2008) (quotation marks and citation omitted). "[T]he provisions of a statute should be read reasonably and in context." *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012). Every word or phrase of a statute is given its plain and ordinary meaning unless it is defined in the statute or has a technical meaning. *Guardian Environmental Servs*, 279 Mich App at 6. Dictionary definitions may be used to determine the ordinary meaning of undefined terms. *Id*. at 6-7. When the plain and ordinary meaning of statutory language is clear and reasonable minds could not differ about the meaning of the language, judicial construction is improper. *Id*. at 6.

The Occupational Code provides occupational licensing requirements for certain entities conducting business in this state, including an RMAC. When the parties entered into their contract, and when plaintiff installed the railing, the applicable version of MCL 339.2401(b)[2] defined an RMAC as:

> a person who, for a fixed sum, price, fee, percentage, valuable consideration, or other compensation, other than wages for personal labor only, undertakes with

---

[1] The court eventually vacated its ruling regarding the return of the railing, and also denied a request for attorney fees.

[2] The Legislature amended MCL 339.2401 with 2020 PA 341, which was made retroactive to January 1, 2019. Because plaintiff installed the railing in July 2018, the previous version applies.

another for the repair, alteration, or an addition to, subtraction from, improvement of, wrecking of, or demolition of a residential structure or combination residential and commercial structure, or building of a garage, or laying of concrete on residential property, or who engages in the purchase, substantial rehabilitation or improvement, and resale of a residential structure, engaging in that activity on the same structure more than twice in 1 calendar year . . . .

Under MCL 339.2412(1), an unlicensed RMAC may not bring or maintain an action for compensation for work it performed if that work required a license:

A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract *for which a license is required* by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract. [emphasis added.]

Relatedly, an RMAC "shall not impose or take any legal or other action to impose a lien on real property unless that person was licensed under this article during the performance of the act or contract." MCL 339.2412(3).

Reading MCL 339.2401(b) in isolation, plaintiff fit within the persons qualifying as an RMAC. The definition of an RMAC is broad, covering in relevant part "a person who, for a fixed sum, price, [or] fee . . . undertakes with another for the . . . addition to . . . [or] improvement of . . . a residential structure." MCL 339.2401(b). Plaintiff, for the fixed price of $26,000, undertook to add to defendant's home by installing a wrought-iron railing on defendant's staircase. Accordingly, applying only the plain language of MCL 339.2401(b), plaintiff would qualify as an RMAC.

Ultimately, however, the trial court erred by concluding that plaintiff's claims for damages and a construction lien were barred because plaintiff is an unlicensed RMAC, as MCL 339.2401(b) must be read in conjunction with the crafts and trades that are exclusively eligible for licensure under MCL 339.2404(3), which as discussed below does not include plaintiff's trade. When reading these statutory provisions together, we hold that plaintiff is not an RMAC and its claims should not have been dismissed.

The Occupational Code describes the crafts and trades that a license authorizes an RMAC to perform. MCL 339.2404(3) provides:

[T]he department may issue a residential maintenance and alteration contractor's license to an individual who applies for the license and who qualifies for the license by passing the examination. A license authorizes the licensee, according to the applicant's qualifications, crafts, and trades, to engage in the activities of a residential maintenance and alteration contractor. A license includes the following crafts and trades: carpentry; concrete; swimming pool installation; waterproofing a basement; excavation; insulation work; masonry work; roofing; siding and gutters; screen or storm sash installation; tile and marble work; and house wrecking. A license shall specify the particular craft or trade for which the licensee is qualified.

The listing of what crafts or trades need to be licensed as an RMAC is exhaustive. Case law, and the language contained within MCL 339.2404(3), support that conclusion.

When used in a statute, the word 'includes' can be used as a term of enlargement or limitation, with the context of the word's use helping determine whether it is used in a limiting or enlarging manner. *Frame v Nehls*, 452 Mich 171, 178-179; 550 NW2d 739 (1996). Here, the legislature used "includes" in a limiting sense. First, there is no expansive language tied to the word "includes," such as "for example," "but not limited to," or "such as." *Ewing v Detroit*, 237 Mich App 696, 700; 604 NW2d 787 (1999). Second, the remainder of the section clarifies that the list is intended to be exhaustive, as the statute requires that a license specify the particular craft or trade for which the licensee is qualified. Third, that the legislature has amended this section to both add and subtract specific crafts and trades lends support for the proposition that the listing is exhaustive, and not simply a list of examples. See 2018 PA 527 (amending this section to eliminate "painting and decorating" from the list of crafts and trades). Fourth, enforcing this plain language allows these two provisions to be read harmoniously. MCL 339.2401(b) must be interpreted in light of the context provided by MCL 339.2404(3), so that only someone performing a craft or trade for which one may be licensed under MCL 339.2404(3) is required to be licensed as an RMAC. By being more specific in MCL 339.2404(3) as to what crafts and trades must be licensed, the legislature has placed limitations on the more general, broad definition contained in MCL 339.2401(b).

With this understanding of how the two statutes interrelate, plaintiff was not a person that had to be licensed as an RMAC, and the failure to obtain a license did not preclude it from bringing suit against defendant, MCL 339.2412(1), because installing a wrought-iron railing does not fall within any of the listed crafts or trades. Despite defendant's argument, installing a wrought iron railing onto a wood staircase did not make plaintiff's work carpentry. *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "carpentry" as "the art or trade of a carpenter" and "carpenter" as "a worker who builds or repairs wooden structures or their structural parts."[3] By installing the wrought-iron railing on the stairway, plaintiff did not build or repair a wooden structure or its structural parts. It simply affixed a wrought iron fixture onto the staircase. No building or repairing of the wooden structure occurred by plaintiff's installation. Accordingly, plaintiff was not engaged in the trade or craft of carpentry, and was not required to be licensed to install the wrought iron railing. And, because plaintiff did not need a "license . . . required by" MCL 339.2404(3), the prohibition of filing suit within MCL 339.2412(1) did not apply.

---

[3] Every word or phrase of a statute is given its plain and ordinary meaning unless it is defined in the statute or has a technical meaning. *Guardian Environmental Servs*, 279 Mich App at 6 (quotation marks and citation omitted). Dictionary definitions may be used to determine the ordinary meaning of undefined terms. *Id*.

For these reasons, we reverse the trial court's order granting defendant's motion for summary disposition, and remand for further proceedings. We do not retain jurisdiction. Plaintiff may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ James Robert Redford